**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2061

_____

LISA ELLIS,
                              Appellant

v.

BANK OF NEW YORK MELLON CORP

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-18-cv-01549)
Honorable Nora B. Fischer, United States District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 1, 2021

Before: KRAUSE, PHIPPS, and FUENTES, *Circuit Judges*

(Opinion filed: March 4, 2021)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Lisa Ellis appeals the District Court's grant of summary judgment in favor of her former employer, BNY Mellon, on her Title VII race discrimination claim. For the following reasons, we will affirm.[1]

## I.  Discussion[2]

We analyze Ellis's claim under the familiar three-step framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A plaintiff must first establish "a prima facie case of . . . discrimination," *id.*; if she succeeds, "[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection," *id.*; and if the employer does so, the plaintiff must then demonstrate that the "stated reason[s] for [her] rejection [were] in fact pretext" for discrimination, *id.* at 804. Ellis stumbles at the first step.

To make out a prima facie case, Ellis must show: (1) she is qualified for her position, (2) she suffered an adverse employment action, and (3) the adverse employment action

---

[1] Ellis also raises a race discrimination claim under 42 U.S.C. § 1981. This claim is subject to the same standards as her Title VII claim, and it fails for the same reasons. *See Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 267 (3d Cir. 2010).

[2] The District Court retained jurisdiction under 28 U.S.C. § 1331, and we wield jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo and will affirm if "there is no genuine dispute as to any material fact" and if, viewing the facts in the light most favorable to Ellis, BNY Mellon is nonetheless "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).

gave rise to an inference of unlawful discrimination.[3] *See Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410–11 (3d Cir. 1999). The parties do not dispute that Ellis was qualified for her role at BNY Mellon and that her firing constitutes an adverse action. All that remains is to decide if Ellis has established the discrimination element.

In challenging the District Court's determination that she presented "no evidence of racial discrimination," Ellis relies on comparator evidence. J.A. at 24. More specifically, she spotlights two BNY Mellon employees who, like Ellis, shared controversial social media posts. In her view, a reasonable factfinder could see BNY Mellon's decision to retain those two employees, who are black, and remove Ellis, who is white, as evidence of discrimination.

But to support an inference of discrimination, a comparator must be "similarly situated" to Ellis in all material respects, and neither purported comparator satisfies that standard. *In re Tribune Media Co.*, 902 F.3d 384, 403 (3d Cir. 2018) (citation omitted). What matters most is that Ellis's social media post was far more egregious—and far more likely to harm BNY Mellon's reputation. In response to a news story about a man who faced criminal charges for driving his car into a crowd of protesters, Ellis commented: "Total BS. Too bad he didn[']t have a bus to plow thr[ough]." J.A. at 89. Neither supposedly-similar employee said anything as extreme. One expressed frustration with a white co-worker but did not threaten that co-worker with violence, let alone serious bodily harm or death. The other opined that men who hurt women should commit suicide.

---

[3] As a reverse-race-discrimination plaintiff, Ellis need not show she is a member of a minority group. *See Iadimarco v. Runyon*, 190 F.3d 151, 158 (3d Cir. 1999).

Though inappropriate and ill-advised, neither post encouraged mass violence against protesters, as Ellis's did. Thus, no reasonable jury could find Ellis's conduct comparable to that of her former colleagues.

Other material distinctions further separate Ellis from the supposed comparators. As the District Court recognized, the two black employees "worked in different positions, in different departments, had different responsibilities, and reported to different supervisors than Ellis did." *Id*. at 23. Ellis counters that none of these differences matter because all BNY Mellon employees must adhere to the same social media policy. This argument might carry some force if the policy prescribed standard punishments, regardless of who a violator is or where she works, but instead it gives decision-makers "broad discretion" over how to discipline employees. *Crawford v. Indiana Harbor Belt R.R. Co.*, 461 F.3d 844, 847 (7th Cir. 2006). That leaves open the possibility that Ellis's position, department, or responsibilities factored into BNY Mellon's decision to fire her. And it is Ellis's burden, not BNY Mellon's, to dispel this possibility and establish that the purported comparators are, in fact, comparable. *See Jones*, 198 F.3d at 410. Having failed to do so, and having presented no other evidence of discrimination, Ellis cannot support a prima facie case.

## II.  Conclusion

For the foregoing reasons, we will affirm the District Court's grant of summary judgment in BNY Mellon's favor.

4